United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FELIPA MEDINA, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-332 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

On July 7, 2026, the Court granted Petitioner Felipa Medina's Petition for Writ of Habeas Corpus, ordering Respondents to release Petitioner "by no later than July 16, 2026, unless before that date, Respondents have provided Petitioner Felipa Medina with a bond hearing[.]" (Order, Doc. 7) The Court based its order on the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, — F.4th —, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026).

Three days later, the Fifth Circuit granted en banc rehearing in *Sosnava*, vacating the panel decision. *See Sosnava Rodriguez v. Ortega*, Case No. 26-50183 (5th Cir., July 10, 2026). Respondents now move for reconsideration of the Court's decision in light of the vacatur. (Motion, Doc. 8)

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[.]" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Based on the vacatur of the *Sosnava* panel decision, the Court finds that good cause supports the requested relief.

Accordingly, it is:

**ORDERED** that Respondents' Motion for Reconsideration (Doc. 8) is **GRANTED**; and

**ORDERED** that the Court's Order (Doc. 7) is **WITHDRAWN**.

The Clerk of Court is directed to re-open this case.

Signed on July 15, 2026.

Fernando Rodriguez, Jr.
United States District Judge