United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FELIPA MEDINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-332 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Felipa Medina is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. She also alleges a claim based on the Suspension Clause. Respondents seek summary judgment. (MSJ, Doc. 6)

For the following reasons, the Court concludes that Petitioner is not entitled to relief.

## I.

Petitioner argues that her continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates her Fifth Amendment due process rights. (Pet., Doc. 1, 9)

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period

of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Castellano* to be persuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner also alleges that she qualifies for cancelation of removal "and is entitled to pursue that relief outside of detention by showing she is neither a danger to the community nor a flight risk[.]" (Pet., Doc. 1, ¶ 43) Petitioner cites no caselaw to demonstrate that persons who are eligible for cancellation of removal are entitled to a bond hearing, and the Court has located no caselaw or statutory support for this position.

**II.**

Petitioner alleges that Respondents violated her rights by exercising their authority under Section 1226 to detain and release her, and then reclassifying and detaining her under a different statute–i.e., Section 1225(b)(2)(A)–without notice or other procedural protections, including a bond hearing.

As *Buenrostro* explained, however, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.* at 507. Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory

provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to her. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

**III.**

Finally, Petitioner alleges a claim based on the Suspension Clause. (*See* Pet., Doc. 1, ¶¶ 45–51) That constitutional provision provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2. Petitioner's cause of action based on this provision fails because the Court *is* considering Petitioner's habeas action–i.e., no suspension of the writ has occurred. Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that she presents no viable claim. The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded. Other federal district courts considering similar claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr, et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3

(N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

**IV.**

The Court finds that the Petitioner is not entitled to the relief sought. Accordingly, it is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 5) is **GRANTED**; and

**ORDERED** that Petitioner Felipa Medina's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on August 13, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge